**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RICKY WILLIAMS, JR., #1501631,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:11-CV-0897-K (BK)** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation.  Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, it is recommended that the petition for writ of habeas corpus be summarily dismissed with prejudice as barred by the one-year statute of limitations.

**I.  BACKGROUND**

A jury convicted Petitioner of indecency with a child younger than seventeen years of age, enhanced by two prior felony convictions, and imposed a thirty-seven-year term of imprisonment.  *State v. Williams*, Nos. F07-55622 and F07-55623 (Criminal Dist. Court No. 7, Dallas County, 2008), *aff'd*, *Williams v. State*, Nos. 05-08-00376-CR, 05-08-00377-CR (Tex. App. Jul. 10, 2009, pet. ref.) (unpublished).  On December 6, 2010, Petitioner filed state post-conviction habeas applications in the convicting court.  *Ex parte Williams*, Nos. W07-55622-A and W07-55623-A.  The Texas Court of Criminal Appeals (TCCA) denied habeas relief on

February 16, 2011.  *Ex parte Williams*, Nos. WR-75,369-01 and -02.[1]

Thereafter, on April 29, 2011, Petitioner filed the federal petition presently at issue.  He

claims the State failed to prove the essential elements of the offenses.  (Doc. 2. at 7.)  The Court

did not direct Respondent to file an answer.  *See* Rule 4 of the Rules Governing Section 2254

Proceedings.[2]

## II.  ANALYSIS

**A.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-

year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court

may raise *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir.

1999).  The Court advised Petitioner of the one-year statute of limitations and granted him an

opportunity to explain why the petition should not be barred by the statute of limitations or why

the limitations period should be tolled on equitable grounds.  Petitioner filed a response to the

Court's show cause order.  (Doc. 6.)

In this case, the one-year limitations period is calculated from "the date on which the

judgment [of conviction] became final by the conclusion of direct review or the expiration of the

time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1)(A).  Sections 2244(d)(1)(B)-(D) are

---

[1] The Court verified all dates listed above on the basis of information available on the Dallas County website (under criminal background information), the Texas Court of Appeals website, and the Texas Court of Criminal Appeals website.

[2] For purposes of this recommendation, the federal petition is deemed filed on April 20, 2011, the date Petitioner signed it and presumably handed it to prison officials for mailing.  *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

inapplicable.[3]

Since Petitioner filed a petition for discretionary review (PDR), his convictions became final under section 2244(d)(1)(A) on December 22, 2009, ninety days after the TCCA refused his PDR on September 23, 2009. *See* SUP. CT. R. 13.1, 13.3; *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003). As of the filing of the state habeas applications on December 6, 2010, 348 days of the one-year limitations period had elapsed. The state applications remained pending until their denial on February 16, 2011, statutorily tolling the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application). The one-year period resumed running the next day, February 17, 2011, and expired seventeen days later on March 6, 2011. Because that date fell on a Sunday, the one-year limitations period was extended to the following Monday, March 7, 2011. *See* FED. R. CIV. P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir.1998) (applying Rule 6(a)). Petitioner, however, did not file his federal petition until April 20, 2011, over forty days *after* the one-year statute of limitations expired.

In response to the Court's show cause order, Petitioner asserts his federal petition is timely because the time "[e]lapsed between each motion or application filed doesn't exceed the required statute of limitation." (Doc. 6 at 1.) In support, he relies on the TCCA's denial of his motions for rehearing the denial of his PDR on October 8, 2009, the court of appeal's issuance of a mandate in his direct appeals on December 2, 2009, and the TCCA's denial of his motions to

---

[3] Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

hold in abeyance the state habeas petitions on February 24, 2011. (Doc. 6 at 1.)  In addition,

Petitioner appears to rely on the date on which he received the various state court rulings, and the

date on which he mailed his state habeas applications.

Petitioner's arguments do not impact the date of finality of his convictions or statutory

tolling.  It is well established that the December 2009 mandate dates are inapplicable in

calculating the one-year period.  *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003)

(issuance of mandate does not control when conviction becomes final for purposes of one-year

limitations period).  In addition, when a petitioner files a *timely* request for rehearing, from the

denial of a PDR, the ninety-day period for filing a petition for writ of certiorari in the United

States Supreme Court runs from the date of the order denying the *timely* request for rehearing.

*See England v. Quarterman*, 242 Fed. Appx. 155, 157 and n. 3 (5th Cir. 2007) (unpublished).

Here, however, Petitioner's motions for rehearing were *untimely*, and the TCCA summarily

denied them on October 23, 2009.  *See Williams*, Nos. PD-1158-09 and PD-1159-09.  Therefore,

the ninety-day period is calculated from the September 2009 PDR denial, not the October 2009

denial of rehearing.

Next, Petitioner relies on the filing of "motion[s] to hold in abeyance" (Doc. 6 at 1)

submitted shortly after the denial of his state habeas applications.  *See Ex parte Williams*, Nos.

WR-75,369-01 and -02.  The TCCA, however, took "no action" on these motions.  *Id.*  As such,

Petitioner is not entitled to statutory tolling during the two days the motions were pending.  *See*

*Ragland v. Quarterman*, No. 3:08-CV-1058-L, 2008 WL 4635431, *3 n.4 (N. D. Tex. Oct. 16,

2008) (no statutory tolling where TCCA determined "[n]o action [was] necessary" in response to

motion for reconsideration of denial of state habeas application).[4]

In addition, Petitioner appears to rely on the "mailbox" rule to claim his state habeas applications should be deemed filed on December 2, 2010, the day on which he signed and handed them to prison officials for mailing, instead of the latter date of December 6, 2010, when the Dallas County District Clerk filed them. The United States Court of Appeals for the Fifth Circuit, however, has "declin[ed] to extend the mailbox rule to the determination of filing dates for state habeas applications." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *see also Howland v. Quarterman*, 507 F.3d. 840, 845 (5th Cir. 2007) (per curiam) (reiterating *Coleman* analysis is still valid). Nor does the Texas state prison mail box rule apply to the filing of Petitioner's state habeas applications. *Howland*, 507 F.3d at 844-45. Moreover, Petitioner has pled no facts justifying equitable tolling for the four-day period between the mailing and the actual filing of his state applications. *See Coleman*, 184 F.3d at 402 ("when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, . . . [the court should] examine the facts to determine whether the prisoner is entitled to equitable tolling . . . .").

Lastly, Petitioner appears to rely on the dates he "received" the state court rulings. The AEDPA one-year period, however, does not begin on the date a petitioner receives notice of the state court rulings. *See Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002) (section "2244(d)(1)(A) looks to when a judgment becomes final, not when petitioner becomes aware that

---

[4] This case is distinguishable from *Emerson v. Johnson*, 243 F.3d 931, 934-35 (5th Cir. 2001), where the TCCA accepted the petitioner's motion for reconsideration, despite an apparent prohibition on motions for reconsideration or rehearing of habeas petitions. *See also Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002) (following *Emerson*).

the judgment is final").  Likewise, insofar as Petitioner asserts the one-year period began at the

conclusion of his state post-conviction proceedings in February 2011, when he had fully

exhausted his state court remedies, his assertion is baseless.  The AEDPA one-year period

commences upon the conclusion of <u>direct review</u> of a judgment of conviction, or upon the

expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1); *Roberts v. Cockrell*, 319

F.3d 690, 694 (5th Cir. 2003).  The running of the limitations period is suspended while <u>state</u>

<u>post-conviction proceedings are pending</u> in any state court.  28 U.S.C. § 2244(d)(2).  The United

States Court of Appeals for the Fifth Circuit, as well as every other Circuit that has construed

section 2244(d), has interpreted it in this way.

Accordingly, the federal petition – filed more than forty days after the one-year period

expired on March 7, 2011 – is clearly untimely absent equitable tolling.

## B.  <u>Equitable Tolling</u>

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to

equitable tolling in appropriate circumstances.  *Holland v. Florida*, ___ U.S. ____, 130 S. Ct.

2549, 2560 (2010).  To be entitled to equitable tolling, a petitioner must show "(1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and

quoted case omitted).  "'Courts must consider the individual facts and circumstances of each case

in determining whether equitable tolling is appropriate.'"  *Mathis v. Thaler*, 616 F.3d 461, 474

(5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances

required for equitable tolling.  *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir.

2007) (summarizing cases).  Having squandered the *entire* one year period, Petitioner clearly

failed to act with due diligence.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas

petitioner must pursue the habeas "process with diligence and alacrity").  After his conviction

became final, Petitioner waited 348 days before he submitted his state habeas applications.  His

lack of diligence did not end there.  Following the denial of the state habeas applications,

Petitioner delayed more than two months before he mailed the federal petition in this case.

Petitioner does not explain the lengthy delays in his case.  (Doc. 6 at 1-2.)  Unexplained

delays do not evince due diligence or rare and extraordinary circumstances.  *See Coleman v.

Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).  "[E]quity is not intended for those who sleep on

their rights."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  In addition, neither

Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable

tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a

'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim.");

*Turner v. Johnson*, 177 F.3d  390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's

unfamiliarity with the legal process nor his lack of representation during the applicable filing

period merits equitable tolling.  It is irrelevant whether the unfamiliarity is due to illiteracy or any

other reason.").

Therefore, Petitioner cannot carry his burden of establishing that equitable tolling is

warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party

seeking equitable tolling has burden of showing entitlement to such tolling).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See*

28 U.S.C. § 2244(d).

SIGNED September 7, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE